IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:                                                    BK 11-70573

RODNEY HALEY,

       Debtor.

                                                                                                                         AP 11-70016

PORTER CAPITAL CORPORATION,

       Plaintiff,

vs.

RODNEY HALEY,
SOBCON CONCRETE COMPANY, INC.

       Defendants.

## ORDER AMENDING MEMORANDUM OPINION DATED OCTOBER 9, 2013

This adversary proceeding came before this court on November 12, 2013 for hearing on Porter Capital Corporation's ("Porter Capital") Motion to Alter, Amend or Vacate. (AP Doc. 112). Braxton Thrasher appeared on behalf of Porter Capital; S. Scott Hickman appeared on behalf of Sobcon Concrete Company, Inc. ("Sobcon").

Porter Capital seeks modification of the "Jurisdiction" paragraph contained in the Memorandum Opinion dated October 9, 2013. Said paragraph provided:

> The district court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(a) & (b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984 pursuant to 28 U.S.C. § 157(a). The bankruptcy court may enter an appropriate order and judgment pursuant to 28 U.S.C. § 157(b)[(2)](I).

1

(AP Doc. 108). Porter Capital is concerned that the Jurisdiction paragraph only refers to 28 U.S.C. § 157(b)(2)(I), which provides that a determination as to the dischargeability of a particular debt is a core proceeding, and that no reference is made to the causes of action brought against Sobcon.[1]

Bankruptcy judges are given the authority to hear and determine core proceedings pursuant to 28 U.S.C. § 157(b)(1). Porter Capital admits that the dischargeability action brought against Debtor is core, and that this court has the statutory and constitutional authority to enter a final judgment as to that cause of action.

---

[1] Custom Steel, a business owned and operated by Debtor, entered into a Commercial Financing Agreement ("Factoring Agreement") with Porter Capital on July 31, 2003. Custom Steel would submit the invoices it sent to its customers to Porter Capital along with satisfactory proof that the materials shown on the invoices were actually delivered. Porter Capital would examine the invoices and if approved, would advance Custom Steel 80% of the face value of the invoices. At the heart of this adversary proceeding are 19 disputed invoices that Custom Steel submitted to Porter Capital for payment ("Disputed Invoices"). The Disputed Invoices itemize materials that were allegedly delivered to Sobcon between June and September of 2010. Porter Capital did not receive payment on the Disputed Invoices. On January 20, 2011, Porter Capital's attorney sent Sobcon a letter requesting payment of $69,198.61. (Exhibit 1 of Porter Capital Exhibit 1). This amount included payment due on the Disputed Invoices and attorney fees. Sobcon asserted that it did not owe Porter Capital for the Disputed Invoices because the material itemized on the Disputed Invoices was never delivered to Sobcon. Sobcon further asserted that Debtor fabricated the invoices. This was the central question in this adversary proceeding: Did Debtor fabricate the Disputed Invoices or was the material itemized on the Disputed Invoices delivered to Sobcon? Porter Capital asked this court to make a determination as to whether Sobcon received the materials, and further to enter a money judgment in favor of Porter Capital for the price of the materials received.

Porter Capital also asked this court to make a determination as to whether Sobcon was subject to double liability on several of the Disputed Invoices. Sobcon admitted delivery on 5 of the 19 Disputed Invoices: Invoice 32128, 32149, 32151, 32209, and 32217. On February 23, 2013, Sobcon sent Porter Capital Check Number 13463 as payment on invoice 32209 and 32217, so they are not at issue. Payment on invoice 32128, invoice 32149, and invoice 32151 was made to Custom Steel via Check Number 10839 dated September 22, 2010. Custom Steel did not forward this payment to Porter Capital. Porter Capital asserted that Sobcon was subject to double liability and still owed Porter Capital for these invoices pursuant to ALA. CODE § 7-9A-406.

Bankruptcy judges are given the authority to hear, but not determine, non-core proceedings pursuant to 28 U.S.C. § 157(c)(1). Porter Capital asserts that the causes of action brought against Sobcon are non-core and that this court did not have the statutory authority to enter a final judgment on those causes of action. Before making a ruling, this court believes that a short history of the case is in order.

On May 18, 2011, Porter Capital filed its Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523 and Objection to Discharge Under 11 U.S.C. § 727 against Debtor. (AP Doc. 1). The Complaint asserted that the adversary proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(I).

On December 1, 2011, Porter Capital filed its Amended Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523 and Objection to Discharge Under 11 U.S.C. § 727. (AP Doc. 23). The Amended Complaint added Sobcon as a defendant. The Complaint asserted that the adversary proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(I).

On December 29, 2011, Porter Capital filed its Second Amended Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523 against Debtor and Sobcon. (AP Doc. 29). The Complaint asserted that the adversary proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(I).

On February 3, 2012, Porter Capital filed its Third Amended Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523 against Debtor and Sobcon. (AP Doc. 42). The Complaint asserted that the adversary proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(I).

On July 17, 2012, Porter Capital filed its Opposition to Defendant's Motion to Dismiss. (AP Doc. 61). The Opposition provided, in pertinent part, that:

> 5. . . . The overlapping nature of the matters in this case are not mere "common issues of fact": the existence or nonexistence of claims against Sobcon, in effect, means the existence or nonexistence of liabilities against the Debtor, thus affecting the amount of money in the estate.
>
> 7. The nature of the suit and the **inextricably intertwined** questions of law and fact between the claims against Sobcon and the claims against the Debtor militate in favor of this Court's exercising its jurisdiction. . . .

(AP Doc. 61, ¶¶ 5 & 7) (emphasis added). Defendant's Motion to Dismiss was denied on September 4, 2012. (AP Doc. 71).

On September 12, 2012, Porter Capital filed its Fourth Amended Complaint against Debtor and Sobcon. (AP Doc. 75). The Fourth Amended Complaint, for the first time, asserted a cause of action against Sobcon in Count Two.[2] In Count Two of the Fourth Amended Complaint, Porter Capital asserted that Sobcon received the materials itemized in the Disputed Invoices and that Sobcon was subject to double liability pursuant to ALA. CODE § 7-9A-406 for the payments sent to Custom Steel and/or Debtor on the Disputed Invoices that were not forwarded to Porter Capital. Porter Capital further asserted, again for the first time, that the causes of action brought against Sobcon were non-core pursuant to 28 U.S.C. § 157(c). Consistent with the previous complaints filed by Porter Capital, Count One set forth the nondischargeability action brought against Debtor.

After denying Porter Capital's Motion for Summary Judgment on January 24, 2013, trial was held on the Fourth Amended Complaint on March 13, 2013 and March 18, 2013. (AP Docs. 95, 97, & 106). This court found against Porter Capital on all counts in the Memorandum Opinion dated

---

[2] Recall that the Amended Complaint filed December 1, 2011 added Sobcon as a defendant. (AP Doc. 23).

October 9, 2013. (AP Doc. 108). Porter Capital filed the Motion to Alter, Amend or Vacate said Memorandum Opinion on October 16, 2013. (AP Doc. 112).

Upon reflection, this court agrees that Count Two of the Fourth Amended Complaint, the cause of action against Sobcon, is a non-core proceeding pursuant to 28 U.S.C. § 157(c).[3] As a result, the portions of the Memorandum Opinion that resolve Count Two of the Fourth Amended Complaint must be submitted to the United States District Court for the Northern District of Alabama for de novo review. 28 U.S.C. §157(c).

After a review of the Memorandum Opinion, this court finds that footnote 2 of the Findings of Fact must be submitted to the United States District Court for the Northern District of Alabama for review. Footnote 2 makes a determination as to the date Sobcon received notice of the Factoring Agreement between Porter Capital and Custom Steel/Debtor. Such determination did not affect the court's decision on whether the debt owed to Porter Capital by Debtor was nondischargeable. The remainder of the Findings of Fact need not be submitted to the United States District Court for the Northern District of Alabama for review because such Findings of Fact were necessary to the resolution of Count One, the nondischargeability proceeding, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The remainder of the Findings of Fact deal with whether the materials itemized on the Disputed Invoices were delivered to Sobcon, an issue that must be resolved in order to make a determination as to whether the Disputed Invoices submitted to Porter Capital by Debtor

---

[3]This court was concerned about the implications of Stern v. Marshall, 131 S. Ct. 2594 (2011), wherein the Supreme Court of the United States held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Stern, 131 S. Ct. at 2620. Porter Capital also referenced the Stern decision in its Motion to Alter, Amend, or Vacate. Because this court has determined that Count Two constitutes a non-core proceeding, Stern is not applicable and will not be addressed by this court.

were fraudulent and whether the debt owed to Porter Capital as a result of the submission of the Disputed Invoices was nondischargeable as asserted in Count One of the Fourth Amended Complaint. As asserted by Porter Capital in its Opposition to Defendant's Motion to Dismiss, the claims against Debtor and the claims against Sobcon are "inextricably intertwined" and the facts affecting the claim against Debtor for submission of fraudulent invoices cannot be separated from the facts affecting the claim against Sobcon for failure to pay for materials that were delivered. Therefore, footnote 2 of the Findings of Fact is proposed and will be submitted to the United States District Court for the Northern District of Alabama for de novo review, while the remainder of the Findings of Fact are final and will not be submitted to the United States District Court for the Northern District of Alabama for de novo review.

This court further finds that sections III and IV of the Conclusions of Law must be submitted to the United States District Court for the Northern District of Alabama for de novo review. Sections III and IV deal with whether, and in what amount, Sobcon owes Porter Capital money. The conclusions reached in sections III and IV did not resolve the dischargeability of the debt owed by Debtor. As such, sections III and IV did not resolve Count One of the Fourth Amended Complaint, and were not made in a core proceeding. Sections I and II of the Conclusions of Law did resolve the dischargeability of the debt owed by Debtor, and were made in a core proceeding. Therefore, sections III and IV of the Conclusions of Law are proposed and will be submitted to the United States District Court for the Northern District of Alabama for de novo review; sections I and II of the Conclusions of Law are final and will not be submitted to the United States District Court for the Northern District of Alabama for de novo review.

To conform with the findings made in this order, the Jurisdiction paragraph of the

Memorandum Opinion is amended to read:

The district court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(a) & (b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984 pursuant to 28 U.S.C. § 157(a). The bankruptcy court may enter an appropriate order and judgment **on Count One of the Fourth Amended Complaint against Debtor pursuant to 28 U.S.C. § 157(b)(2)(I). Count Two of the Fourth Amended Complaint is a non-core proceeding. Therefore, footnote 2 of the Findings of Fact is proposed and will be submitted to the United States District Court for the Northern District of Alabama for de novo review pursuant to 28 U.S.C. § 157(c). In addition, Sections III and IV of the Conclusions of Law are proposed and will be submitted to the United States District Court for the Northern District of Alabama for de novo review pursuant to 28 U.S.C. § 157(c).**

**DONE and ORDERED** this February 14, 2014.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge